Opinion by Willson, J.

---

## COULSON v. THE STATE.

Appeal from Collin county.

*Libel.*—The conviction was upon an indictment which attempted

to charge the making and circulating of a libel. Libel is of that class of cases wherein the indictment must set out the language used in *haec verba*. In Brownlow vs. State, 7 Humph. 62, the indictment, which was similar upon the point in question, charged that the libel "contained amongst other things, the following false, malicious and libelous matter and things, according to the tenor following, that is to say." It was held that "this averment professes to set forth the substance and not the words of the libel, and, therefore it is not valid. An indictment for libel should profess to set forth on its face accurate copy of the alleged libel in words and figures. If it does not it will be held insufficient on demurrer or in arrest of judgment. The indictment will not be valid if it professes to set forth the libel according to substance or effect." HELD: That the rule quoted is the rule in this State. In this case the writing appears to have been set forth *haec verba*, but the averment that the "foregoing is the language and substance and meaning of said false and malicious statements as near as they (grand jurors) can give," shows that the substance and not the words is attempted to be charged. Motions to quash and in arrest should have been sustained. Writing and mailing of a libelous letter constitutes publication.

Opinion by Willson, J.